PER CURIAM.
This disciplinary proceeding is before the Court on the complaint of The Florida Bar. A referee was appointed who found professional misconduct and recommended disbarment. Our jurisdiction is based upon article V, section 15, Florida Constitution. The proceeding was brought pursuant to former article XI of The Integration Rule of the Florida Bar.[1]
The Bar’s complaint alleged that respondent had been suspended from the practice of law in Michigan due to professional misconduct involving the wrongful misappropriation of funds from an estate. The respondent did not respond to the complaint nor to the Bar’s request for admissions of fact.[2] Based on matters thus deemed admitted and documents presented by the Bar, the referee found respondent guilty of violating several provisions of the Integration Rule[3] and several Disciplinary Rules of the Code of Professional Responsibility.[4] The referee recommended disbarment.
Respondent has not filed a petition for review of the referee’s report. Therefore the referee’s findings of fact are deemed conclusive and the recommended disciplinary measure is ordinarily to be accepted. Fla.Bar Integ.Rule, art. XI, Rule 11.09(3)(f). We find the recommended discipline to be appropriate under the circumstances and therefore adopt it.
David N. Reid is hereby disbarred from the practice of law in the State of Florida, effective immediately. Execution is directed to issue for the costs of these proceedings against the respondent in the amount of $330.00, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

. Because this case proceeded through the filing of the referee’s report under article XI of The Integration Rule, references herein are to disciplinary proceedings under that rule and to violations of that rule and the former Code of Professional Responsibility. The Integration Rule and the Code of Professional Responsibility have now been superseded by the Rules Regulating The Florida Bar, which took effect on January 1, 1987. The Florida Bar Re Rules Regulating The Florida Bar, 494 So.2d 977 (Fla.1986).

. Mailing by registered or certified mail to a lawyer’s mailing address as shown by the official records of The Florida Bar is sufficient service of process. Fla.Bar Integr.R., art. XI, Rule 11.01(2).

. Fla.Bar Integr.Rule, art. XI, Rule 11.02(3)(a) (an act contrary to honesty, justice or good morals is a cause for discipline); id., art. XI, Rule 11.02(4) (money entrusted to a lawyer must be applied only as intended by the client); id., art. XI, Rule 11.02(6) (a lawyer must file notice of suspension from the practice of law in another state).

. Fla.Bar Code Prof.Resp., D.R. 1-102(A)(1) (violation of a disciplinary rule); id., D.R. 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); id., D.R. 1-102(A)(6) (conduct adversely reflecting on fitness to practice law); id., D.R. 6-101(A)(3) (neglect of a legal matter); id., D.R. 9-102(B)(4) (failure to promptly deliver property to which client is entitled).